SACCO & FILLAS, LLP
Luigi Brandimarte (LB-8388)
Mathew W. Beckwith (MB 1983)
31-19 Newtown Avenue, 7th Floor
Astoria, New York 11102
(718) 746-3440
*Attorneys for Plaintiff*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER BUSTILLOS, *individually and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>-against-<br><br>ACADEMY BUS, L.L.C., NUMBER 22 HILLSIDE, L.L.C., ACADEMY LINES, L.L.C., and ACADEMY EXPRESS, L.L.C.<br><br>Defendants. | Case No. 13-cv-00565 (AJN)<br><br>ECF CASE<br><br>**AMENDED COMPLAINT**<br><br>FLSA COLLECTIVE ACTION |

Plaintiff Walter Bustillos, on behalf of himself and others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, Defendants reside in this District, and acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3. Plaintiff Walter Bustillos ("Plaintiff" or "Bustillos") is a New Jersey resident and was employed by Defendants as a bus driver at Defendants' bus company.

4. Upon information and belief, Defendant Academy Bus, L.L.C. ("Academy Bus") is a limited liability company organized under the laws of the State of New Jersey, with a registered address at 111 Paterson Avenue, Hoboken, New Jersey 07030.

5. Upon information and belief, Defendant Number 22 Hillside, L.L.C. ("#22 Hillside") is a limited liability company organized under the laws of the State of New Jersey, with a registered address at 111 Paterson Avenue, Hoboken, New Jersey 07030.

6. Upon information and belief, Defendant Academy Lines, L.L.C. ("Academy Lines") is a foreign limited liability company organized under the laws of the State of New York, with a registered address at 111 Paterson Avenue, Hoboken, New Jersey 07030.

7. Upon information and belief, Defendant Academy Express, L.L.C. ("Academy Express" and together with Academy Bus, #22 Hillside, and Academy Lines, the "Defendants") is a foreign limited liability company organized under the laws of the State of New York, with a registered address at 111 Paterson Avenue, Hoboken, New Jersey 07030.

8. The Defendants are joint employers under the Fair Labor Standards Act.

9. Upon information and belief, Academy Bus is a holding company for #22 Hillside, Academy Lines, and Academy Express and possesses or possessed operational control over #22 Hillside, Academy Lines, and Academy Express, holds or held an ownership interest in #22 Hillside, Academy Lines, and Academy Express, or controls or controlled significant functions of #22 Hillside, Academy Lines, and Academy Express.

10. Upon information and belief, Academy Bus, #22 Hillside, Academy Lines, and Academy Express operate as a common unified entity.

11. Upon information and belief, Defendants determined the wages and compensation of its employees, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

12. Upon information and belief, Defendants are an enterprise engaged in commerce or in the production of goods for commerce whose annual gross volume of sales made or business done is not less than $500,000.

13. Upon information and belief, Defendants operate a website, located at www.academybus.com which markets and advertises its transportation services operated by Defendants throughout New York, New Jersey, Connecticut, Pennsylvania, Rhode Island, Massachusetts, Virginia, and Washington, D.C.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants in any hourly position, including but not limited to, bus drivers or other similar positions on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and/or time and a half rates

3

for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## FACTS

17. Defendants committed the following acts knowingly and willfully.

18. Defendants knew that nonpayment of all wages owed, minimum wages and overtime wages would economically injure Plaintiff and violate federal and/or state laws.

19. Plaintiff worked as a bus driver for Defendants during the period May 2005 through October 2012.

20. Throughout Plaintiff's employment with Defendants, Defendants failed to pay him for all hours that he worked.

21. Throughout Plaintiff's employment with Defendants, Defendants failed to pay him premium rate of pay of time and half his regular rate of pay for any hours worked in excess of forty (40) hours a week.

22. Plaintiff was paid on an hourly basis in the amount of $14.70 per hour.

23. Plaintiff's weekly schedule varied from week to week and during his tenure with the Defendants, Plaintiff would regularly work from 60 to 90 hours per week.

24. Plaintiff regularly worked more than forty (40) hours per week during his tenure with Defendants, but did not receive any overtime pay for those hours nor was he paid time and one half his regular rate.

25. Plaintiff sustained substantial losses from Defendants' failure to pay him for all hours worked and their failure to pay him proper overtime compensation.

26. As part of Plaintiff's daily work schedule, Plaintiff would provide services to customers on behalf of the Defendants within the State of New York.

27. Upon information and belief, other employees who worked for Defendants and who are FLSA Collective Plaintiffs were subjected to the same policies and practices and have sustained similar losses of compensation for numerous hours worked on behalf of Defendants.

28. Defendants, though their corporate management, deliberately trained, supervised, instructed, and authorized managerial employees to engage in the above unlawful practices and have ratified their actions thereafter, in order to enhance corporate profits and reduce their labor costs.

### FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage and Record Keeping Violations, 29 U.S.C. §§ 201 *et seq.* Brought by Plaintiff and on Behalf of himself and the FLSA Collective Plaintiffs)**

29. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

30. Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendants have been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have

5

employed Plaintiff, and/or continue to employ the FLSA Collective Plaintiffs as "employees" within the meaning of the FLSA.

31. Moreover, Plaintiff is informed and believes and thereon alleges that at all relevant times, Defendants were an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 whose annual gross volume of sales made or business done was not less than $500,000.

32. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

33. At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff and FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

34. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiffs and on Behalf of Themselves
and the FLSA Collective Plaintiffs)**

35. Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

36. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

37. At all relevant times, Defendants have had, and continue to operate under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay the Plaintiff and the FLSA Collective Plaintiffs at time and a half rates for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the Plaintiff and the FLSA Collective Plaintiffs have been and are entitled to overtime.

38. At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

39. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. §§ 650 *et seq.*)

40. Plaintiff realleges and incorporates by reference all previous paragraphs.

41. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

42. At all relevant times, Defendants willfully, regularly, and repeatedly failed, and continue to fail to pay Plaintiff at the required overtime rates, one and a half times their regular hourly rates, for hours worked in excess of forty (40) hours per workweek.

43. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained compensatory and liquidated damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

### FOURTH CLAIM FOR RELIEF
(New York Notices and Record-Keeping Requirements
N.Y. Lab. Law §§ 190 *et seq.*)

44. Plaintiff realleges and incorporates by reference all previous paragraphs.

45. By failing to give proper notice to Plaintiff and to maintain proper recordkeeping requirements pursuant to N.Y. Lab. Law §§ 190, *et seq.*, Defendants are liable to Plaintiff for civil penalties and costs.

46. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including the loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 198.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all other covered employees, pray for relief as follows:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

B. Certification of this action as a collective action brought pursuant to the FLSA § 216(b);

C. Designation of Plaintiff as representative of the FLSA Collective Plaintiffs;

    D.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

    E.    Costs of action incurred herein, including expert fees;

    F.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216 and other applicable statutes;

    G.    Prejudgment and post-judgment interest, as provided by law; and

    H.    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Astoria, New York
        June 24, 2013

                      SACCO & FILLAS, LLP

                      By: /s/ Mathew Beckwith
                          Luigi Brandimarte (LB-8388)
                          Mathew W. Beckwith (MB-1983)
                          31-19 Newtown Avenue
                          Seventh Floor
                          Astoria, New York 11102
                          (718) 746-3440

                          *Attorneys for Plaintiff, proposed collective action members*

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to a jury trial.