UNITED STATES DISTRICT COURT FOR
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
WALTER BUSTILLOS, *individually and on behalf of others similarly situated*,

                Plaintiff,

    -against-

ACADEMY BUS, L.L.C., NUMBER 22 HILLSIDE, L.L.C.,
ACADEMY LINES, L.L.C., and ACADEMY EXPRESS, L.L.C.

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Civil Action No.**
13-cv-565(AJN)(MHD)

ECF Case

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

SACCO & FILLAS, LLP.

by: /s/ Mathew W. Beckwith
Mathew W. Beckwith (MB-1983)
Luigi Bandimarte (LB-8288)

**Table Contents**

Table of Authorities ………………………………………………………………………….i

Preliminary Statement…………………………………………………………………….1

Standard of Review……………………………………………………………………..2

Argument…………………………………………………………………………………….3

Point I PLAINTIFFS' AMENDED COMPLAINT SETS FORTH A CAUSE OF ACTION…..3

Point II DEFENDANTS FAILED TO ESTABLISH THE APPLICABLITY OF THE
    MOTOR CARRIER EXEMPTION..………………………………………………......7

Conclusion ………………………………………………………………………….......7

# Table of Authorities

Cases

*A.H. Phillips v. Walling*, 324 US 490, 65 S. Ct. 807(1945)..................................................5

*Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388 (1960).............................................................5

*Bilyou v. Duchess Beer Distribution, Inc.*, 300 F.3d 217 (2d Cir. 2002)..............................5

*Conley v. Gibson*, 355 U.S. 41, 28 S.Ct. 88 (1957) ..............................................................2

*Geisler v. Petrocelli*, 616 F.2d 636 (2nd Cir. 1980) ..................................................................3

*Gordon v. Kaleida Health*, 2008 WL5114217, 11 (WDNY 2008).......................................4

*Martin v. Malcome Pirnie, Inc.* 949 F.2d 611 (2d cir 1991)..............................................5, 6

*Melo-Sonics Corp v. Cropp*, 342 F.2d 856 (3rd Cir. 1956) ....................................................2

*Nichols v. Mahoney*, 608 F.Supp.2d 526 (SDNY 2009).......................................................4

*Port Authority of New York and New Jersey v. Arcadian Corp.*
    991 F.Supp. 390 (D.N.J. 1997) ........................................................................................2

*Reich v. State of New York*, 3 F.3d 581 (2d Cir. 1993).........................................................5

*Ricciuti v. N.Y.C. Transit Auth.*, 914 F.2d 119 (2nd Cir. 1991)..............................................2

*Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1682 (1974) .....................................................2

*Walker v. City of New York*, 94 F.2d 293 (2nd Cir. 1992)......................................................2

Federal Statutes

29 C.F.R. §§ 782.0-782.8......................................................................................................6

29 U.S.C. §§ 201 *et seq* ........................................................................................................1

29 U.SC. § 207(a)(1).............................................................................................................3

29 U.S.C.§ 213(b)(1).............................................................................................................6

49 U.S.C.§ 13102(15)...........................................................................................................6

49 U.S.C. § 3102...................................................................................................................6

49 U.S.C. §§ 31501-31504………………………………………………………………………..6

49 U.S.C.§ 31502………………………………………………………………………….…..6

49 USCS § 5103…………………………………………………………………………...…7

Fed. R. Civ. P. 12(b)(1)………………………………………………………………….…1, 2

Fed. R. Civ. P. 12(b(6)..……………………………………………………………….....1, 2, 3

Motor Carrier Act, Pu. L. No. 103-272, § 1(c), (e), 108 Stat 745, 1029 (1994)…………………..6

<u>New York State Statutes</u>

N.Y. Comp. Codes R. & Regs. Tit. 12 § 142.2.2……………………………………………....3

N.Y. Labor Law §§ 650 *et seq*...……………………………………………………………..1

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Plaintiff, Walter Bustillos, by counsel, submits this memorandum of law in opposition to Defendants' motion to dismiss Plaintiff's complaint pursuant to rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure

## PRELIMINARY STATEMENT

Plaintiff, Walter Bustillos, commenced this action on January 24, 2013. The complaint asserts claims against Defendants for unpaid overtime wages under the federal Fair Labor Standards Act ("FLSA") (29 U.S.C. §§ 201 *et seq.*) and the New York Minimum Wage Act and regulations (N.Y. Labor Law §§ 650 *et seq.*).

Plaintiff, Walter Bustillos, was employed as a bus driver for the Defendants from My 2005 through October 2012. See, Amended Complaint at ¶ 19 attached to the Beckwith Affirmation as Exhibit A. Plaintiff regularly worked in excess of forty (40) hours per week. See, Amended Complaint at ¶ 24 attached to the Beckwith Affirmation as Exhibit A. Plaintiff generally worked about 60 to 90 hours per week. See, Amended Complaint at ¶ 23 attached to the Beckwith Affirmation as Exhibit A. Plaintiff worked within the State of New Jersey and the State of New York. See, Amended Complaint at ¶ 26 attached to the Beckwith Affirmation as Exhibit A. At all times throughout Plaintiff's employment, Defendant's failed to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours per week. See, Amended Complaint at ¶ 24 attached to the Beckwith Affirmation as Exhibit A.

On July 2, 2013, Defendants moved to dismiss Plaintiff's complaint in that the complaint failed to state cause of action and that Plaintiff was exempt from the over-time regulations pursuant to the motor carrier exemption.

1

On June 26, 3013, Plaintiff amended his complaint to provide more detail, however unnecessary, at the early pleading stages of the case. See, Amended Complaint attached to the Beckwith Affirmation as Exhibit A.

On July 1, 2013, Defendants informed the Court that they elected to pursue their motion to dismiss as previously filed.

Defendants' motion to dismiss at this time should be denied. Plaintiffs' amended complaint sufficiently pleaded causes of action for unpaid overtime under the FLSA and NYLL pursuant to the Federal Courts liberal pleading standards. Defendants' motion to dismiss should also be denied because Defendants have failed to carry their burden to establish the motor carrier exemption applies.

## STANDARD OF REVIEW

In deciding Rule 12(b)(1) and 12(b)(6) motions, which seek to foreclose judicial review without reaching the merits of a case, a court is to view the complaint in a light most favorable to the non-moving party, accepting all allegations contained in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1682, 1686, (1974); *Walker v. City of New York*, 94 F.2d 293, 298 (2nd Cir. 1992). The issue is not "whether a plaintiff will ultimately prevail but whether a claimant is entitled to offer evidence to support the claims." *Id*. Dismissal is warranted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ricciuti v. N.Y.C. Transit Auth.*, 914 F.2d 119, 123 (2nd Cir. 1991)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 28 S.Ct. 88 (1957)).

"Since the long-established federal policy of civil litigation is to decide cases on the proofs, district courts generally disfavor Rule 12(b)(6) motions." *Port Authority of New York and New Jersey v. Arcadian Corp.* 991 F.Supp. 390, 298 (D.N.J. 1997) (citing *Melo-Sonics Corp*

*v. Cropp*, 342 F.2d 856 (3rd Cir. 1956)).  Therefore, in deciding a motion to dismiss, a Court should look to the face of the complaint and decide whether, taking all of the allegations of facts as true and construing them in a light most favorable to the non-movement, Plaintiff's allegations state a legal claim.

The function of the motion to dismiss is "merely to assay the legal feasibility of the complaint, not to assess the weight of the evidence which might be offered in support thereof. *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2nd Cir. 1980).

## ARGUMENT

I. **PLAINTIFF'S AMENDED COMPLAINT SETS FORTH A CAUSE OF ACTION**

Federal and New York labor laws require employers to pay their employees time-and-a-half overtime for all hours worked in excess of forty hours per week. 29 U.SC. § 207(a)(1); N.Y. Comp. Codes R. & Regs. Tit. 12 § 142.2.2.

Defendants argue that plaintiff's overtime claims must be dismissed because "Plaintiff's Complaint here falls short of the level of specificity required to survive a Rule 12(b)(6) motion to dismiss." Defendants' Memo of law at pg. 6.  Defendants' argument is completely without merit.  Plaintiff alleged that he was a former employee of the Defendants from May 2005 to October 2012. See, Amended Complaint at ¶ 19 attached to the Beckwith Affirmation as Exhibit A.  Plaintiff alleged that he worked 60-90 hours per week. See, Amended Complaint at ¶ 23 attached to the Beckwith Affirmation as Exhibit A.  Plaintiff calleged that he was not paid premium overtime compensation for hours worked in excess of forty hours. See, Amended Complaint at ¶ 21 attached to the Beckwith Affirmation as Exhibit A.  Plaintiff alleged that Defendants willfully failed to pay Plaintiff overtime, See, Amended Complaint at ¶ 17 attached

to the Beckwith Affirmation as Exhibit A, and that Defendants knew that nonpayment violated both Federal and State law. See, Amended Complaint at ¶ 18 attached to the Beckwith Affirmation as Exhibit A.

Plaintiff's allegations provide sufficient facts to provide defendants with notice of what his claims are, and the grounds upon which his labor claims rest. See, Nichols v. Mahoney, 608 F.Supp.2d 526, 547 (SDNY 2009) providing "Plaintiffs' allegations about defendants' purported violations of minimum wage and overtime provisions satisfy the requirements of Rule 8. '[W]here a plaintiff alleges violations of the FLSA's minimum and overtime age provisions, the complaint should, at least approximately, allege the hours worked, for which wages were not received.' Internal citation omitted. First, Defendants have notice of plaintiffs' legal theory since the complaint expressly references the FLSA. . . . Second, the pleading provides the factual backgrounds supporting their claims. As to the overtime claims, plaintiffs have specified the approximate time period they were employed by defendants EMC and the approximate number of overtime hours they each worked per week without receiving overtime pay. . . Thus, plaintiffs'' amended pleading 'give[s] the defendant[s] fair notice of the [plaintiffs'] claim[s] and the grounds upon which [they] rest[ ]." Internal citation omitted.; Gordon v. Kaleida Health, 2008 WL5114217, 11 (WDNY 2008) providing "Plaintiffs in the case at bar explicitly alleged that they worked more than 40 hours per week.").

Plaintiff's amended complaint has sufficiently pleaded a cause of action pursuant to FLSA and NYLL.

II. **DEFENDANTS FAILED TO ESTABLISH THE APPLICABILITY OF THE MOTOR CARRIER EXEMPTION**

Under the Fair labor Standards Act, any employee is entitled to be compensated for overtime at the rate of one and half times his regular rate of pay, unless a specifically enumerated exemption applies. The Supreme Court has repeatedly directed the lower Courts not to expand exemptions to the FLSA through judicial construction and expansion. For example, in *A.H. Phillips v. Walling*, 324 US 490, 65 S. Ct. 807(1945) the Supreme Court noted that, The Fair Labor Standards Acts was designed 'to extend the frontiers of social progress' by 'insuring to all our blue-bodied working men and women a fair day's pay for a fair day's work' . . . Any exemption from such humanitarian and remedial legislation must therefore be narrowly construed, giving due regard to the plain meaning of statutory language and the intent of Congress. To extend an exemption to other than those plainly unmistakably within its terms and spirit is to abuse the interpretative process and to frustrate he announced will of the people. *Id* at 808.

The Second Circuit is in accord: "consistent with the remedial purpose of the FLSA, we do not give FLSA exemptions generous application." *Reich v. State of New York*, 3 F.3d 581, 586 (2d Cir. 1993). Exemptions to the FLSA are "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakenably within their terms and spit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960).

The Motor Carrier Act ("MCA"), as an exception to the FLSA, is to be narrowly construed. *Bilyou v. Duchess Beer Distribution, Inc.*, 300 F.3d 217, 222 (2d Cir. 2002). The burden of invoking these exemptions rests upon the employer. *Arnold, supra*, 361 U.S. at 394 n. 11; See also, *Martin v. Malcome Pirnie, Inc.* 949 F.2d 611, 614 (2d cir 1991).

5

Defendants bear the burden of proof to demonstrate its "unmistakable" entitlement to the MCA exemption. Id. Defendants failed to show an unmistakable entitlement to the MCA exemption.

Pursuant to the Motor Carrier exemption, employees are exempt from overtime under the FLSA if the Secretary of transportation has the power to regulate the employees' minimum qualifications and maximum hours of service. 29 U.S.C.§ 213(b)(1); 49 U.S.C.§ 31502; See Generally, 29 C.F.R. §§ 782.0-782.8. Note that the exemption references "section 04 of the Motor Carrier Act, 1935." In 1983, section 204 was reenacted as 49 U.S.C. § 3102, which in turn was reenacted in 1994 as 49 U.S.C. § 31502. See, Motor Carrier Act, Pu. L. No. 103-272, § 1(c), (e), 108 Stat 745, 1029 (1994), designating and restating Chapter 31 of Subtitle II of Title 49 as Chapter 315 of subtitle VI of title 49, 49 U.S.C. §§ 31501-31504.

The exemption has been interpreted by the Department of Labor as applying to employees who: 1) are employed by a "motor carrier" or "motor private carrier" as defined by the Motor Carrier Act; and 2) engage in activities that directly affect the safety of passengers or property in interstate or foreign commerce.

A "motor carrier" is defined as "[a] person, other than a motor carrier, transportation property by motor vehicle when: (A) the transportation is as provided in section 13501 of this title; (B) the person is the owner, lessee, or bailee of the property being transported; and (C) the property is being transported for sale, lease, rent or bailment, or to further a commercial enterprise." 49 U.S.C.§ 13102(15).

A "commercial motor vehicle" Means a self-propelled or towed vehicle used on the highways in interstate commerce to transport passenger or property, if the vehicle: (A) has a gross vehicle weight rating or gross vehicle weight of at least 10,001 pounds, whichever is

6

greater; (B) is designed or used to transport more than 8 passengers (including the driver for compensation; (C) is designed or used to transport more than 15 passengers, including the driver, and is not used to transport passengers for compensation; or (D) is used in transporting material found by the Secretary of transportation to be hazardous under section 5103 of the title [49 USCS § 5103] and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103 [49 USCS § 5103].

Since DOT jurisdiction, and therefor the MCA exemption, extends only to "motor carriers" and "motor private carriers", defendant must prove that it is one, the other or both. Defendants have not provided sufficient evidence that it is entitled to the MCA exemption. Nowhere in Defendants' motion papers do they establish the weight of the vehicle Plaintiff driven or the number of passengers. Instead the Defendants attempted to place the burden on the Plaintiff to establish that he does not fall within the Motor Carrier exemption: "Moreover, Plaintiff does not assert any factual allegations which would remove him from coverage under the MCA exemption." Defendants' Memo of Law at pg. 9.

Plaintiff does not need to assert facts that establish he is not covered by the exemption; instead Defendants were required to establish that the MCA exemption applied. Defendants' motion is devoid of any facts that establish that the MCA exemption applies. Without conclusively establishing every element of the MCA exemption in its motion papers, Defendants failed to establish the MCA exemption applies to Plaintiff and Defendants motion must be denied.

## CONCLUSION

Based on the foregoing Plaintiff respectfully requests that the Court deny Defendants' motion to dismiss Plaintiff's amended complaint.

7

Dated: Astoria, NY
       July 23, 2013

                                        **SACCO & FILLAS, LLP**

                              By: /s/ Mathew W. Beckwith
                                  Luigi Brandimarte (LB-8288)
                                  Mathew W. Beckwith (MB-1983)
                                  31-19 Newtown Avenue
                                  Seventh Floor
                                  Astoria, New York 11102
                                  (718) 746-3440

                                  *Attorneys for Plaintiff*