UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

WALTER BUSTILLOS, individually and on
behalf of others similarly situated,

                                 Plaintiff,

              -against-

ACADEMY BUS, L.L.C., NUMBER 22
HILLSIDE, L.L.C., ACADEMY LINES,
L.L.C., and ACADEMY EXPRESS, L.L.C.,

                              Defendants.

Civ. No.:  13-CIV-565 (AJN) (MHD)

------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

JACKSON LEWIS LLP
One North Broadway, 15th Floor
White Plains, New York 10601
Jonathan M. Kozak
Michael A. Jakowsky
Tarek M. Maheran
*Attorneys for Defendants*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................... 1

ARGUMENT .............................................................................................................. 2

    POINT I:  PLAINTIFF HAS NOT OPPOSED DEFENDANTS' MOTION TO
        DISMISS THE FIRST CAUSE OF ACTION UNDER THE FLSA. ............ 2

    POINT II:  PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO
        ESTABLISH A CLAIM UNDER THE NEW YORK LABOR LAW .......... 4

    POINT III:  THE BARE ALLEGATIONS IN THE AMENDED COMPLAINT
        ARE INSUFFICIENT TO STATE A CLAIM FOR UNPAID
        OVERTIME PAY. ................................................................................... 5

    POINT IV:  PLAINTIFF'S OVERTIME CLAIMS ARE BARRED BY THE
        MOTOR CARRIER EXEMPTION. ........................................................ 8

CONCLUSION ............................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Ashcroft v. Iqbal,
556 U.S. 662, 672 (2009)..................................................................................3

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007)..........................................................................................3

Boutros v. JTC Painting & Decorating Corp.,
No. 12 Civ. 7576 (PAE), 2013 U.S. Dist. LEXIS 86878 (S.D.N.Y. Jun. 19, 2013) .........6, 7, 8

Cariani v. D.L.C. Limousine Service, Inc.,
363 F. Supp.2d 637 (S.D.N.Y. 2005)................................................................8

Cromwell v. N.Y. City Health and Hosp. Corp.,
No. 12 Civ. 4251(PAE), 2013 U.S. Dist. LEXIS 69414 (S.D.N.Y May 15, 2013)...............5, 7

D'Arpa v. Runway Towing Corp.,
No. 12-CV-1120, 2013 U.S. Dist. LEXIS 85697 (E.D.N.Y. Jun. 18, 2013) ...........................9

DeSilva v. N. Shore-Long Island Jewish Health Sys.,
770 F. Supp. 2d 497 (E.D.N.Y. 2011) ..............................................................3

Hammell v. Banque Paribas,
No. 90 Civ. 4799 (JSM), 1993 U.S. Dist. LEXIS 14755 (S.D.N.Y. Oct. 22, 1993) .................4

Hart v. Dresdner Kleinwort Wasserstein Securities LLC,
No. 06 Civ. 0134 (DAB), 2006 U.S. Dist. LEXIS 56710 (S.D.N.Y. Aug. 8, 2006) .................4

Lundy v. Catholic Health System of Long Island,
711 F.3d 106, 114, 115 (2d Cir. 2013)...................................................3, 5, 6, 7, 8

Nakahata v. New York-Presbyterian Healthcare Sys.,
No. 11-0734, 2013 U.S. App. LEXIS 14128 (2d Cir. Jul. 11, 2013).........................................6

## STATUTES

29 U.S.C. § 206..........................................................................................................3

49 U.S.C. § 13102(15)...............................................................................................9

## PRELIMINARY STATEMENT

Defendants, Academy Bus, L.L.C., Number 22 Hillside, L.L.C., Academy Lines, L.L.C. and Academy Express L.L.C., (collectively, "Defendants"), through their undersigned attorneys, respectfully submit this Reply Memorandum of Law in further support of their Motion to Dismiss Plaintiff's Amended Complaint ("Amended Complaint") in this matter in its entirety pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Despite Plaintiff being afforded the opportunity to properly articulate his claims for non-payment of minimum wages and overtime pursuant to the federal Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), the Amended Complaint does not allege sufficient facts to articulate a plausible cause of action under either law.   The Amended Complaint, which only deviates from Plaintiff's original Complaint through the addition of four vague, non-descript paragraphs, still is devoid of allegations sufficient to support Plaintiff's claims that he was not properly compensated under the FLSA or the NYLL. Indeed, Plaintiff has not even alleged sufficient facts to establish that he was employed in the State of New York.   Moreover, in his Memorandum of Law in Opposition to the Defendants' Motion to Dismiss ("Opposition"), Plaintiff does not oppose Defendants' motion to dismiss his FLSA minimum wage claim.   Finally, Plaintiff's contentions that Defendants have not sufficiently established that he was exempt from the FLSA's overtime provisions under the motor carrier exemption are belied by both the allegations in the Amended Complaint and the indisputable facts in this action.

Accordingly, for the reasons set forth herein and in the Defendants' original moving papers, Defendants respectfully request that this Court grant their motion and dismiss Plaintiff's Complaint in its entirety, with prejudice.   As Plaintiff has already been afforded an

opportunity to file an amended complaint curing the deficiencies in his original pleading, Defendants respectfully request that the Plaintiff not be afforded an opportunity to re-plead his unsupportable claims for a third time.

**ARGUMENT**

**POINT I**

**PLAINTIFF HAS NOT OPPOSED DEFENDANTS' MOTION TO DISMISS THE FIRST CAUSE OF ACTION UNDER THE FLSA.**

In the First Claim, Plaintiff contends Defendants willfully failed or refused to pay the federal minimum wage rate for each hour worked in violation of the FLSA. Plaintiff has not articulated in his Opposition any reason why Defendants' motion to dismiss his minimum wage claim should not be dismissed. Accordingly, Defendants' motion to dismiss Plaintiff's First Cause of Action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted because it is unopposed.

At Point I of his Opposition, Plaintiff argues that he has adequately pled a claim for unpaid overtime by alleging that he worked 60 to 90 hours per week and was not paid premium overtime compensation for hours worked in excess of forty hours per week. (Plaintiff's Opposition at 3). However, Plaintiff does not anywhere in his Opposition dispute Defendants' argument that he failed to adequately state a claim for failure to pay minimum wage in violation of the FLSA. As the motion to dismiss the First Cause of Action is unopposed, Defendants respectfully request that their motion be granted and the First Cause of Action be dismissed with prejudice.

Even if the motion had been opposed, Plaintiff's First Cause of Action should nonetheless still be dismissed because the allegations in the Amended Complaint are simply

insufficient to sustain any claim that Defendants failed to compensate Plaintiff at the minimum wage rate for all hours worked. To survive a motion to dismiss for failure to state a claim, a complaint must be plausible on its face and contain sufficient factual content to allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complete absence of even the most basic allegations in support of Plaintiff's claims that he was not paid at the minimum wage rate for all hours worked renders his First Cause of Action deficient as a matter of law. In fact, most significantly, in Paragraph 22 of Amended Complaint, Plaintiff affirmatively states that during his employment, "[he] was paid on an hourly basis in the amount of $14.70 per hour." (Plaintiff's Amended Complaint at ¶ 22). The federal minimum wage rate during the limitations period applicable to Plaintiff's FLSA claim is $7.25 per hour. See 29 U.S.C. § 206.

Plaintiff does not, at any point, allege that he did not report all hours worked or that he performed any work "off the clock." See generally, Amended Complaint. Nor does the Plaintiff identify a single instance when he was not paid, at his alleged hourly rate, for the hours he worked. Id. Plaintiff's allegations, and the absence of allegations, make it impossible to determine the basis of his First Cause of Action, much less whether that cause of action is plausible. See Lundy v. Catholic Health System of Long Island, 711 F.3d 106, 114 (2d Cir. 2013). See also, Iqbal, 556 U.S. at 672 (holding that a complaint does not suffice under the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure "if it tenders naked assertion[s] devoid of further factual enhancement.").

As Plaintiff's First Cause of Action remains insufficiently pled, Defendants respectfully request that their unopposed motion to dismiss be granted. DeSilva v. N. Shore-

Long Island Jewish Health Sys., 770 F. Supp. 2d 497, 510 (E.D.N.Y. 2011) (dismissing the plaintiffs' claim for alleged minimum wage violations under the FLSA due to a lack of specificity).

**POINT II**

**PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO ESTABLISH A CLAIM UNDER THE NEW YORK LABOR LAW.**

Plaintiff's Amended Complaint does not cure the pleading deficiencies identified with respect to the Third and Fourth Causes of Action brought pursuant to the NYLL. Accordingly, those claims should be dismissed.

As explained in Defendants' principal Memorandum of Law in support of their Motion to Dismiss, it is well established that the New York Labor Law only applies within the State of New York. See, e.g., Hammell v. Banque Paribas, No. 90 Civ. 4799 (JSM), 1993 U.S. Dist. LEXIS 14755, at * 5 (S.D.N.Y. Oct. 22, 1993);[1] Hart v. Dresdner Kleinwort Wasserstein Securities LLC, No. 06 Civ. 0134 (DAB), 2006 U.S. Dist. LEXIS 56710, at * 20-21 (S.D.N.Y. Aug. 8, 2006). Neither the Amended Complaint nor Plaintiff's originally filed Complaint contain sufficient factual allegations to demonstrate that Plaintiff was employed within the State of New York or that he is entitled to pursue a claim under the NYLL. While the original Complaint is devoid of any allegation that Plaintiff was employed in New York, the Amended Complaint adds only that "[a]s part of Plaintiff's daily work schedule, Plaintiff would provide services to customers on behalf of the Defendants within the State of New York." (Plaintiff's Amended Complaint at ¶ 26). The Amended Complaint does not identify the alleged "services," does not state whether those services constituted compensable work activities, when

---

[1] True and correct copies of all unreported cases cited herein are attached to the Affirmation of Jonathan M. Kozak in Further Support of Defendants' Motion to Dismiss ("Kozak Reply Aff.") as Exhibit A.

such services were preformed, or the amount of time spent performing the services. This single vague allegation regarding services as part of Plaintiff's daily work schedule, at some point in time, to customers within New York, is insufficient to support the conclusion that he was employed in New York. The complete absence of this basic information makes it impossible for Defendants, or this Court, to determine the factual basis for Plaintiff's NYLL claims or whether the NYLL is even applicable to Plaintiff's alleged employment.

Rather than articulating a plausible cause of action, Plaintiff's allegations in support of his NYLL claims impermissibly require the type of speculation rejected by the Second Circuit in Lundy. See Lundy, 711 F.3d at 115; see also, Cromwell v. N.Y. City Health and Hosp. Corp., No. 12 Civ. 4251(PAE), 2013 U.S. Dist. LEXIS 69414, at *10-11 (S.D.N.Y May 15, 2013). Plaintiff's NYLL claims are simply insufficient to state a viable cause of action. Given the dearth of substantive allegations in support of Plaintiff's NYLL claims, Defendants respectfully request that Plaintiff's Third and Fourth Causes of Action be dismissed in their entirety.

## POINT III

### THE BARE ALLEGATIONS IN THE AMENDED COMPLAINT ARE INSUFFICIENT TO STATE A CLAIM FOR UNPAID OVERTIME PAY.

The minor revisions in Plaintiff's Amended Complaint do not cure the deficiencies in the insufficiently pled Second Cause of Action for unpaid overtime under the FLSA. As a result, Defendants respectfully submit that the Second Cause of Action should be dismissed as well, with prejudice.

As previously articulated in Defendants' principal Memorandum of Law, the Second Circuit's decision in Lundy established the minimal pleading requirements to state a

claim under the FLSA's overtime provisions.  Specifically, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of 40 hours."  Lundy, 711 F.3d at 114 (emphasis added).  Where a complaint's lack of specificity invites speculation as to the complained of conduct, it does not plausibly set forth a claim under the FLSA's overtime provisions.  Id. at 115.  Since the Lundy decision, both the Second Circuit and courts in this District have dismissed claims where the plaintiffs did not allege sufficient facts to meet the minimal pleading requirements identified in Lundy.

In its recent decision in Nakahata v. New York-Presbyterian Healthcare Sys., No. 11-0734, 2013 U.S. App. LEXIS 14128 (2d Cir.  Jul. 11, 2013), the Second Circuit reiterated the minimal pleading standard established in Lundy.  In their complaints, the Nakahata plaintiffs alleged that the employers improperly deducted time for meal breaks, required employees to engage in work activities before and after their shifts without compensation, and required employees to attend training sessions for which they were not compensated.  Id. at *7.  Additionally, the plaintiffs broadly alleged that they "regularly" worked in excess of forty hours per week and were not paid for all of those hours.  Id. at *7, 16.  The Second Circuit found that the plaintiffs' bare allegations that they were not paid for overtime hours were insufficient to state a plausible claim for unpaid overtime under the FLSA and affirmed the dismissal of the complaints.  Id. at *19.  Similarly, in Boutros v. JTC Painting & Decorating Corp., No. 12 Civ. 7576 (PAE), 2013 U.S. Dist. LEXIS 86878 (S.D.N.Y. Jun. 19, 2013), Judge Paul Engelmayer dismissed a complaint wherein the plaintiffs alleged that they "regularly worked in excess of 35 hours a week, as well as regularly in excess of 40 hours per week" but were not paid overtime for hours worked in excess of 40 hours per week as required by the FLSA.  Id. at *3. The Boutros plaintiffs' complaint was supplemented by declarations by the plaintiffs which alleged

- 6 -

that they "regularly worked more than 40 hours a week." Id.  Citing Lundy, the Boutros court

found that the plaintiffs' contentions that they "regularly" worked in excess of forty hours per

week without receiving overtime pay did not contain sufficient particularity to state a plausible

FLSA claim:

> Plaintiffs' allegations in this case are akin to the vague, conclusory pleadings in *Lundy*. Plaintiffs simply state that they "regularly" worked in excess of 40 hours per week but were paid only straight time wages for that work. That is all the detail that is provided—nowhere is there any reference to any particular week in which either plaintiff worked more than 40 hours. Plaintiffs' pleadings, therefore, lack sufficient particularity to state a plausible FLSA claim.

Id. at *10.  See also, Cromwell, 2013 U.S. Dist. LEXIS 69414, at *10-11.

As was the case in the foregoing decisions, Plaintiff's Amended Complaint in the

present action simply does not contain the necessary specificity to articulate a plausible FLSA

overtime claim.  Rather than utilize the opportunity afforded to him by this Court to articulate a

clear basis for his cause of action, Plaintiff merely added three generic paragraphs:

> 21.   Throughout Plaintiff's employment with Defendants, Defendants failed to pay him his premium rate of pay of time and half his regular rate of pay any hours worked in excess for forty (40) hours a week.
>
> 22.   Plaintiff was paid on an hourly basis in the amount of $14.70 per hour.
>
> 23.   Plaintiff's weekly scheduled varied from week to week and during his tenure with the Defendants, Plaintiff would regularly work from 60 to 90 hours per week.

These broad allegations do not shed any light on the plausibility of Plaintiff's

FLSA overtime claim.  As was the case with his originally filed Complaint, Plaintiff's Amended

Complaint does not point to a single instance where he worked but was not paid overtime and

does not specify how long the alleged and complained of conduct continued. In fact, Plaintiff's allegations are precisely the type of allegations that the Boutros court found to be insufficient to state a claim under the Lundy standard. Boutros, 2013 U.S. Dist. LEXIS at * 10. Accordingly, Defendants respectfully request that the Plaintiff's claims for unpaid overtime pursuant to the FLSA be dismissed in their entirety.

**POINT IV**

**PLAINTIFF'S OVERTIME CLAIMS ARE BARRED BY THE MOTOR CARRIER EXEMPTION.**

Defendants' Motion to Dismiss Plaintiff's FLSA and NYLL overtime claims should be granted because despite his specious contentions to the contrary, Plaintiff was undeniably exempt under the FLSA's motor carrier exemption.

As a threshold matter, it is noteworthy that Plaintiff does not dispute that application of the motor carrier exemption to the present is properly before the Court on a 12(b)(1) motion or that, if established, the motor carrier exemption would be fatal to his overtime claims. See Cariani v. D.L.C. Limousine Service, Inc., 363 F. Supp.2d 637 (S.D.N.Y. 2005). Rather, Plaintiff's sole contention in opposition to Defendants' argument is that the application of the motor carrier exemption has not been established. However, in making his argument Plaintiff ignores one critical fact – he has pled the essential facts establishing that he was an exempt employee under the motor carrier exemption.[2] As a threshold matter, at Paragraphs 3 and 13 of the Amended Complaint, Plaintiff alleges that the Defendants operate a bus company that advertises and provides transportation services "throughout New York, New Jersey, Connecticut, Pennsylvania, Rhode Island, Massachusetts, and Washington D.C."

---

[2] For a complete recitation of the elements of the FLSA's motor carrier exemption, Defendants respectfully refer the Court to their Memorandum of Law in Support of their Motion to Dismiss ("Defendants Memorandum of Law"), at Point II.

(Plaintiff's Amended Complaint at ¶ 3, 13).  Accordingly, Defendants are indisputably "motor carriers" under the Motor Carrier Act ("MCA"), which, notwithstanding Plaintiff's contentions to the contrary, defines a motor carrier as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(15).[3]  Plaintiff further concedes that he was a "bus driver" and, in some yet unspecified manner, provided services across state lines - thereby confirming that he affected vehicular safety in interstate commerce, yet another requirement of the motor carrier exemption.  (Plaintiff's Amended Complaint at ¶ 26) (alleging that as part of his daily duties, Plaintiff provided "services" in New York, while the remainder of his daily duties were presumably provided in New Jersey); see also, D'Arpa v. Runway Towing Corp., No. 12-CV-1120, 2013 U.S. Dist. LEXIS 85697, at * 23 (E.D.N.Y. Jun. 18, 2013) (describing the elements of the motor carrier exemption).  Accordingly, the only matter remaining element is Plaintiff's assertion that Defendants have not proffered any evidence that establishes the weight of the vehicles Plaintiff drove or the number of passengers.  Plaintiff's suggestion that the motor carrier exemption might not apply because of the vehicle weight or passenger capacity of the buses he drove over the course of his years of employment is, at best, disingenuous.  As Plaintiff is well aware, throughout his employment as a bus driver, his primary job responsibility was the operation of vehicles designed and used to transport from fifteen (15) to fifty-five (55) passengers.  (See Affidavit of Hector Peralta in Support of Defendants' Motion to Dismiss at ¶¶ 4-11).[4]  Accordingly, it cannot be disputed that Plaintiff was an exempt employee

---

[3]        In his Opposition, Plaintiff improperly applies the definition of a "private motor carrier" to the more general "motor carrier."  (Plaintiff's Opposition at 6).  Additionally, Plaintiff appears to incorrectly suggest that the Secretary of Transportation's jurisdiction is limited to "commercial motor vehicles." Id.  Pursuant to the SAFETEA-LU Technical Corrections Act of 2008, the Secretary of Treasury has jurisdiction over all vehicles providing motor vehicle transportation for compensation. (Defendants Memorandum of Law at 8).
[4]        A true and correct copy of the Affidavit of Hector Peralta in Support of Defendants' Motion to Dismiss is attached to the Kozak Reply Aff. as Exhibit B.

under the FLSA's motor carrier exemption and his causes of action for unpaid overtime should be dismissed as a matter of law.

## CONCLUSION

For the reasons set forth above and in their original moving papers, Defendants respectfully request that the Court grant their Motion to Dismiss in its entirety, with prejudice, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway, 15th Floor
White Plains, New York 10601
Tel.:    (914) 328-0404
Fax:    (914) 328-1882

By: _____

Jonathan M. Kozak
Michael A. Jakowsky
Tarek M. Maheran

*Attorneys for Defendants*

Dated: August 2, 2013
        White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

WALTER BUSTILLOS, individually and on
behalf of others similarly situated,

                                    Plaintiff,

              -against-

ACADEMY BUS, L.L.C., NUMBER 22                          Civ. No.:  13-CIV-565 (AJN) (MHD)
HILLSIDE, L.L.C., ACADEMY LINES,
L.L.C., and ACADEMY EXPRESS, L.L.C.,

                                    Defendants.

---------------------------------------------------------X

## CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of the foregoing Reply

Memorandum of Law in Further Support of Defendants' Motion to Dismiss was electronically

filed and served via FedEx, this 2nd day of August, 2013 on the following:

                        Mathew W. Beckwith
                        Luigi Brandimarte
                        SACCO & FILLAS, LLP
                        31-19 Newtown Avenue, 7th Floor
                        Astoria, New York 11102
                        *Attorneys for Plaintiff*

                        _____
                                Tarek M. Maheran