USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JAN 1 3 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
Walter Bustillos,
                          Plaintiff,     :
:       13 Civ. 565 (AJN)
      -v-                                      :
:       OPINION AND ORDER
:
Academy Bus, LLC, *et al.*,
                        Defendants.   :
:
-------------------------------------------------------------------- X

ALISON J. NATHAN, District Judge:

    Plaintiff Walter Bustillos has filed this action alleging violations of the federal Fair Labor Standards Act (FLSA), the New York Minimum Wage Act, and the New York Labor Law's Notices and Record-Keeping Requirements. (Am. Compl. ¶¶ 29-46). Defendants move to dismiss his claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

    In determining whether to dismiss a complaint for failure to state a claim, a court must "construe plaintiffs' complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiffs' favor." *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009); *see also Carver v. City of N.Y.*, 621 F.3d 221, 225 (2d Cir. 2010). However, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not contain detailed factual allegations, it may not rest on mere

1

y

labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations "must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. "Determining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679)

Taking the allegations in the Amended Complaint as true, Defendants are four limited liability companies offering "transportation services" in New York and a number of nearby states. (Am. Compl. ¶¶ 4-7, 13). Defendants employed Mr. Bustillos as a bus driver between May 2005 and October 2012, during which time he was paid $14.70 per hour. (Am. Compl. ¶¶ 3, 19). Mr. Bustillos alleges that his "weekly schedule varied from week to week and during his tenure with the Defendants, [he] would regularly work from 60 to 90 hours per week," but he provides no further factual context as to his hours worked. (Am. Compl. ¶ 23).

I. FEDERAL CLAIMS

    A. Failure to Pay Minimum Wage

Mr. Bustillos's first claim is for the failure to pay the minimum wage under the FLSA. (Am. Compl. ¶¶ 29-34). The FLSA requires employers pay their employees a legally mandated minimum wage, currently set at $7.25 per hour. *See* 29 U.S.C. § 206(a)(1); *Lundy*, 711 F.3d at 116; *Spiteri v. Russo*, No. 12-cv-2780, 2013 U.S. Dist. LEXIS 128379, at *206-08 (E.D.N.Y. Sept. 7, 2013). Mr. Bustillos has wholly failed to allege facts supporting a claim that he was not paid the minimum wage.

The only allegation in the Amended Complaint as to Mr. Bustillos's hourly rate establishes that he was paid $14.70 per hour—close to twice the current minimum wage. (Am.

Compl. ¶ 22). Although Mr. Bustillos alleges in conclusory terms that "[t]hroughout [his] employment with Defendants, Defendants failed to pay him for all hours that he worked," (Am. Compl. ¶ 20; *see also id.* ¶ 25), the Amended Complaint contains no further elaboration on this point and there is no indication that at any time Mr. Bustillos worked sufficient unpaid hours that his effective hourly wage fell below the minimum wage. *See e,g.*, *Lundy*, 711 F.3d at 116 ("So long as an employee is being paid the minimum wage or more, FLSA does not provide recourse for unpaid hours below the 40-hour threshold, even if the employee also works overtime hours the same week."); *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201-02 (2d Cir. 2013). The Court can only speculate as to the factual basis of this claim, and it is therefore appropriately dismissed.

### B. Failure to Pay Time-and-a-Half Overtime Wage

Mr. Bustillos's second claim is for failure to pay time-and-a-half rates for his hours worked in excess of forty hours per week, as required by the FLSA.[1] (Am. Compl. ¶¶ 35-36). The FLSA requires that "for a workweek longer than forty hours," an employee who works in "excess of forty hours" shall be paid for that excess work "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); *Lundy*, 711 F.3d at 113-14.

---

[1] In asserting that Defendants' alleged failure to pay overtime was willful, Mr. Bustillos's overtime claim also gestures at an assertion that Defendants did not keep adequate records under the FLSA. (Am. Compl. ¶ 37). This vague assertion is not framed as a separate claim under the FLSA—as noted, it appears to be asserting willfulness—and Mr. Bustillos does not argue at any point in his opposition that it comprises an adequately pleaded claim for relief. *Cf. Ellis v. Common Wealth Worldwide Chaueffuered Transp. of NY, LLC*, No. 10-cv-1741, 2012 U.S. Dist. LEXIS 40288, at *7 n.1 (E.D.N.Y. Mar. 23, 2012) (plaintiff conceded that the FLSA recordkeeping provisions do not provide a private cause of action); *Gordon v. Rite Aid Corp.*, No. 09-cv-7665, 2012 U.S. Dist. LEXIS 54071, at *54 n.11 (S.D.N.Y. Mar. 9, 2012). Moreover, assuming arguendo that such a cause of action exists and was intended to be raised, the Amended Complaint is completely devoid of any supporting factual allegations that suggest a plausible claim might exist.

Defendants have moved to dismiss Mr. Bustillos's claim for unpaid time-and-a-half overtime wages for failure to meet the pleading standards for such claims.  For the most part, Mr. Bustillos's Amended Complaint consists of conclusory statements that he "regularly worked in excess of forty (40) hours per workweek" (Am. Compl. ¶¶ 24, 36) and was not paid a time-and-a-half rate for those excess hours.  (Am. Compl. ¶¶ 21, 24, 37-38).  Under recent Second Circuit precedent, such restatements of the FLSA's statutory language do not provide sufficient factual context to survive a motion to dismiss.  *See, e.g.*, *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 89-90 (2d Cir. 2013); *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 199-02 (2d Cir. 2013).  Mr. Bustillos, however, has also added incrementally more detail than these allegations in a single paragraph of his Amended Complaint in which he attests that "Plaintiffs' weekly schedule varied from week to week and during his tenure with Defendants, Plaintiff would regularly work from 60 to 90 hours per week."  (Am. Compl. ¶ 23).  The question before the Court is whether this assertion provides sufficient factual context to "'nudge' [his] claim 'from conceivable to plausible.'"  *DeJesus*, 726 F.3d 85, 90 (2d Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

Last year the Second Circuit published a trio of cases addressing the pleading requirements to state a FLSA claim for unpaid overtime. Taking up the question for the first time in *Lundy v. Catholic Health System of Long Island*, the Second Circuit held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114.  The Second Circuit concluded that the Plaintiffs failed to state a claim because they "have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." *Id.*  For instance, one plaintiff in *Lundy* alleged

4

(among other things) that she was "typically" scheduled to work three shifts per week, totaling 37.5 hours but would "occasionally" work an additional 12.5 hour shift. *Id.* The Second Circuit held these allegations were insufficient because she did not indicate "how occasionally" she worked such additional shifts and did not allege "that she was denied overtime pay in any such particular week." *Id.* at 114-15. Moreover, the plaintiff's other allegations relating to her estimated time working over meal breaks, during trainings, or before and after her scheduled shifts did not plausibly demonstrate that in any given week she worked more than 40 hours. *Id.* at 114-15

Next, in *Nakahata v. New York-Presbyterian Healthcare System*, the Second Circuit affirmed the district court's dismissal of a FLSA overtime claim. In that case, the plaintiffs alleged that that the defendants did not pay them for all of the hours that they worked, including meal breaks, training, and activities before and after their shifts. *See Nakahata*, 723 F.3d at 196-97. More generally, the plaintiffs also alleged that they "regularly worked hours both under and in excess of forty per week and were not paid for all of those hours." *See id.* at 199. Applying *Lundy*, the Second Circuit held that "[t]o plead a plausible FLSA overtime claim, plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." *Id.* at 201. In light of this rule, the Court affirmed the district court's dismissal of the plaintiffs FLSA overtime claims, explaining the plaintiffs "failed to plead sufficient facts to make it plausible that they worked uncompensated hours in excess of 40 in a given week." *Id.*

Most recently, in *DeJesus v. HF Management Services, LLC*, the plaintiff alleged that she worked "more than forty hours per week during 'some or all weeks' of her employment" and was not paid time-and-a-half for each hour in excess of forty hours. *DeJesus*, 726 F.3d at 87.

*DeJesus* held that these bare allegations amounted only to a recitation of the statutory language of the FLSA and were insufficient to state a claim. *See id.* at 89 (quoting with approval a First Circuit case, *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012), that noted that "such a formulation was 'one of those borderline phrases' that while not stating an 'ultimate legal conclusion[],' was 'nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual'" (alterations in original)).

Elaborating on its analysis, *DeJesus* explained that *Lundy*'s requirement that a plaintiff "allege overtime without compensation in a 'given' workweek was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.'" *Id.* at 90. Rather, *DeJesus* explained, it was "designed to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To satisfy this standard, plaintiffs are not required to keep careful records and plead their hours with mathematical precision, but they are required to draw on their memory and experience—which have prompted them to believe that there has been an FLSA violation in the first place—to provide complaints with "sufficiently detailed factual allegations." *Id.*

In light of these cases, the Court concludes that Mr. Bustillos has not adequately pleaded his claim for failure to pay the premium overtime wage. First and foremost, Mr. Bustillos's bare allegation that his schedule "varied" and he "would regularly work from 60 to 90 hours per week" is equivalent to the allegations in *DeJesus* and *Nakahata* in which the plaintiffs claimed they "regularly worked" in excess of forty hours per week or did so during "some or all weeks." *Id.* at 87; *Nakahata*, 723 F.3d at 199. Specifically, each of these allegations boils down to a conclusory assertion, without any supporting factual context, that the defendants violated the FLSA overtime provision because the plaintiff worked some number of excess hours in some

unidentified week. Although Mr. Bustillos has alleged a broad range of hours he claims he "regularly worked," absent any factual allegations that give context to this claim, the Court cannot say that his claim is any more plausible—or any less "threadbare [and] speculative"—than the pleadings rejected by the Second Circuit.[2]

This conclusion is underscored by the emphasis in all three cases that an FLSA overtime claim must plausibly allege work in excess of forty hours and the accompanying failure to pay overtime in "a given workweek." *See e.g.*, *Lundy* v. Catholic Health Sys. of Long Island, Inc., 711 F.3d at 114-15 (emphasizing this point using several different phrasings: "a given workweek"; "a single workweek"; a "particular week"); *see also DeJesus*, 726 F.3d at 90 (noting that the plaintiff must allege "overtime in a 'given' workweek" under *Lundy*); *Nakahata*, 723 F.3d at 201 (allegations must "support a reasonable inference that they worked more than forty hours in a given week"). This formulation suggests that there should be sufficient factual allegations in the Amended Complaint—rather than a general and conclusory allegation as to the number of hours "routinely" worked—whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation.[3]

This view is further supported by *DeJesus*'s admonition that *Lundy* did not provide a

---

[2] Although the Court recognizes that plaintiffs are not required to approximate the number of overtime hours worked to plead an FLSA overtime claim, *see, e.g.*, *Nakahata*, 723 F.3d at 201 n.10; *Lundy*, 711 F.3d at 114 n.7, this rule is not contrary to the Court's conclusion in this case, which is premised on the lack of any substantial factual context with which the Court can assess the plausibility of Mr. Bustillos's overtime claim.

[3] By way of comparison, one of the plaintiffs in *Lundy* effectively alleged that she "occasional[ly]" worked a total of 50 hours per week by alleging typical workweek of 37.5 hours with an "occasional" extra shift of 12.5 hours. *Lundy*, 711 F.3d 106, 114-15. This level of detail approximates that found in Mr. Bustillos' complaint and was held insufficient by the Second Circuit because there were insufficient allegations to reasonably infer that the plaintiff was not paid overtime in any particular week in which the plaintiff may have worked excess hours.

"pleading template" for generally alleging over forty hours of work per week in "some or all weeks," but rather required a "factual context" that "nudges" the claims from conceivable to plausible.[4]  Mr. Bustillos's allegations do not reflect an effort to draw on his "memory and experience" to provide the "sufficiently detailed factual allegations" required by these cases. *DeJesus*, 726 F.3d at 90.

Mr. Bustillos has not offered a contrary reading of *Lundy* and indeed does not cite this case at all in his briefing.  (Opp. at i; 4).  Instead, he quotes from two district court cases decided several years before *Lundy* and its progeny.  In *Gordon v. Kaleida Health*, No. 08-cv-378S, 2008 WL 5114217, at *4 (W.D.N.Y. Nov. 25,2008), the plaintiffs alleged that they worked "more than 40 hours per week," an allegation that, under current law as explained in *DeJesus* and *Nakahata*, is insufficient.  In *Nichols v. Mahoney*, 608 F. Supp. 2d 526, 546-47 (S.D.N.Y. 2009), the plaintiffs alleged that they "worked an average of fifty and sixty-five hours per week, respectively, yet were never paid overtime for the extra hours that they worked."  Although *Nichols* arguably parallels the facts before the Court, its persuasive value is marginal at best because it is nonbinding and predates the governing Second Circuit precedent.

By comparison, the Court's decision today is consistent with the holdings of several other district courts in this circuit.  *See, e.g.*, *Boutros v. JTC Painting & Decorating Corp.*, No. 12-cv-7576, 2013 U.S. Dist. LEXIS 148323, at *5-6 (S.D.N.Y. Oct. 15, 2013) (noting that the court had required plaintiffs to identify at least one week in which they worked overtime hours but were not paid overtime); *Spiteri*, 12-cv-2780, 2013 U.S. Dist. LEXIS 128379, at *208-13 (holding that the plaintiff's allegation that he "worked approximately fifty (50) to sixty (60)

---

[4] *Nakahata* made a similar point when it noted that the pleading standard required "sufficient detail about the length and frequency of [a plaintiff's] unpaid work to support a reasonable inference that they worked more than forty hours in a given week."  *Nakahata*, 723 F.3d at 201.

hours per week" was not sufficient); *Cromwell v. N.Y. City Health & Hosps. Corp.*, No. 12-cv-4251, 2013 U.S. Dist. LEXIS 69414, 5-13 (S.D.N.Y. May 15, 2013) (despite allegations that the plaintiff "typically" worked five shifts per month, with an extra shift "approximately twice a month" and other uncompensated time, it "did not point to any particular workweek . . . during which [he] worked uncompensated time more than 40 hours"). Indeed, those cases in which courts have found the pleadings adequately alleged an overtime claim appear to have provided more detail than that found in Mr. Bustillos's Amended Complaint. *See, e.g.*, *Perry v. City of New York*, No. 13-cv-1015, 2013 U.S. Dist. LEXIS 177396, at *45-46 (S.D.N.Y. Dec. 17, 2013); *Litras v. PVM Int'l Corp.*, No. 11-cv-5695, 2013 U.S. Dist. LEXIS 116236, at *20-21 (E.D.N.Y. Aug. 15, 2013); *Trinidad v. Pret A Manger (USA) Ltd.*, No. 12-cv-6094, 2013 U.S. Dist. LEXIS 97544, at *27-28 (S.D.N.Y. July 11, 2013). *But cf. Cruz v. Rose Assocs., LLC*, No. 13-cv-0112, 2013 U.S. Dist. LEXIS 49755, at *11 n.2 (S.D.N.Y. Apr. 5, 2013) (holding, in a case decided before *Nakahata* and *DeJesus*, that allegations that the plaintiff "regularly" worked in excess of forty hours per week were sufficient); *Cook v. Amedisys, Inc.*, No. 12-cv-1082, 2013 U.S. Dist. LEXIS 50136, at *12-13 (D. Conn. Apr. 8, 2013) (same).

## II. STATE LAW CLAIMS

Subject matter jurisdiction in this matter was premised on federal question jurisdiction over Mr. Bustillos's FLSA claims under 28 U.S.C. § 1331, with supplemental jurisdiction over his state law claims pursuant to 28 U.S.C. § 1367. (Am. Compl. ¶ 1). Having dismissed Mr. Bustillos's federal claims, the Court declines to exercise supplemental jurisdiction over his state law claims. A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 13 U.S.C. § 1367.

The decision to exercise supplemental jurisdiction is within the sound discretion of the district court and involves an assessment, at each stage of the case, of the values of judicial economy, convenience, fairness, and comity. *See Lundy*, 711 F.3d at 117-18. "Once all federal claims have been dismissed, the balance of factors will usually point toward a declination." *Id.* at 118 (internal quotation marks and alterations omitted); *see also Cromwell*, No. 12-cv-4251, 2013 U.S. Dist. LEXIS 69414, at *11-13.

The Court declines to exercise supplemental jurisdiction over Mr. Bustillos's state law claims because none of the factors listed above counsel in favor of retaining jurisdiction. The litigation is at its earliest stages and the Court and parties have not invested significant resources in litigating or resolving the state law claims. Moreover, the state law claims may differ in some respects from the governing federal law, *see, e.g.*, *Lundy*, 711 F.3d at 118 (discussing NYLL gap-time claims), and the Court has not had occasion to consider any claim similar to Mr. Bustillos's fourth cause of action. Nor do principles of comity counsel in favor of the Court retaining jurisdiction. Courts in these circumstances have routinely declined to exercise supplemental jurisdiction and dismissed state law claims. *See, e.g.*, *Dreher v. Doherty*, No. 12-cv-3385, 2013 U.S. App. LEXIS 17464, at *1 n.1 (2d Cir. Aug. 21, 2013) (unpublished) (noting district court's dismissal); *Bilyou v. Dutchess Beer Distribs., Inc.*, 300 F.3d 217, 218 n.1 (2d Cir. 2002) (same); *Cromwell*, No. 12-cv-4251, 2013 U.S. Dist. LEXIS 69414, at *11-13 (declining to exercise supplemental jurisdiction over NYLL claims after determining that FLSA claims were not adequately pleaded); Yang Li v. Ya Yi Cheng, No. 10-cv-4664, 2012 U.S. Dist. LEXIS 40241, at *16 (E.D.N.Y. Jan. 9, 2012) (noting that Second Circuit courts routinely decline supplemental jurisdiction in these circumstances).

## CONCLUSION

Pursuant to the Court's individual rules, after Defendants filed a motion to dismiss on June 3, 2013, Plaintiff was given the option of amending his complaint in response to the motion to dismiss. Plaintiff availed himself of this opportunity and filed the Amended Complaint, leading Defendants to rely on their originally filed motion to dismiss. Because Plaintiff was afforded an opportunity to amend his complaint to cure its defects, the Court's dismissal of his federal minimum wage and overtime claims is with prejudice. Mr. Bustillos's state law claims are dismissed without prejudice.

SO ORDERED.

Dated: January 13, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge